# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FIRST STATE BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:05-cv-02505-JWL-DJW** |
| ) | |
| **DANIEL AND ASSOCIATES, P.C., d/b/a** ) | |
| **DANIEL, SCHELL, WOLFE and** ) | |
| **ASSOCIATES, PC,** ) | |
| ) | |
| **Defendant.** ) | |

## PROTECTIVE ORDER

This Court is advised that certain business and personal information that will be

exchanged by the parties during discovery is confidential and should be protected from re-

disclosure or use outside of this litigation.  Accordingly, the Court HEREBY ORDERS:

1.      As used in this Order, the following words shall have the following meanings:

   a.      "Court" means the United States District Court for the District of Kansas, and any appellate courts that may review this case;

   b.      "Disclosed" is used in its broadest sense and includes shown, divulged, revealed, produced, described or transmitted, in whole or in part;

   c.      "Discovery" is given the same meaning as ascribed to it under the Federal Rules of Civil Procedure;

   d.      "Designated Material" means any material designated as "CONFIDENTIAL" as defined below;

   e.      "CONFIDENTIAL" information means any materials which the producing party reasonably believes (i) is not in the public domain (i.e., not generally known and not reasonably ascertainable by proper means), and (ii) contains trade secret or other proprietary or confidential research, development, marketing, financial, personal, or commercial information;

   f.      "Outside Counsel" means the counsel of record in this action and their law firms as well as any attorney subsequently retained or designated by the parties to appear in this action; and

CC 1729897v4

g.      "Protected Person" means any party or non-party that furnishes or has furnished any Designated Material to any party in discovery in this action.

2.      This Order shall be applicable to, and shall govern, all documents, deposition testimony, answers to interrogatories, answers to requests for admission and other discovery, which the Protected Person has designated "CONFIDENTIAL."

3.      In responding to discovery in this action, any Protected Person may designate as "CONFIDENTIAL" any of the documents or other discovery material described in Paragraph 2 that the Protected Person in good faith believes contains, reflects or reveals personal information, trade secrets or other proprietary or confidential research, development, marketing, financial or commercial information.

4.      Designated Material denominated as CONFIDENTIAL pursuant to this Protective Order may be disclosed only to:

a.      the Court and all persons assisting the Court, the jury, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in the manner set forth in Paragraph 8 below;

b.      Outside Counsel and the employees of such outside counsel, provided that they are not presently, and have no present plans to become, employees of any party;

c.      employees of, or counsel for, the party or Protected Person that designated such materials as CONFIDENTIAL;

d.      consultants, experts, and principals and employees of the firm with which consultants or experts are associated, who are retained to assist counsel for any party for the purpose of this action, provided that such persons and their principals and employees are not presently, and have no present plans to become employees of any party;

e.      outside vendors who perform photocopying or similar clerical functions in connection with this action, but only for so long as necessary to perform those services;

f.      the parties to this action, or officers or employees of the parties (only while employed by said party); and

g.      deponents and trial witnesses.

Disclosure to those persons identified in subparagraphs d through g of this paragraph shall be made only after the person has been orally informed that they are bound by the terms of this Order.   If any person identified in subparagraphs d through g of this paragraph shall have employees, agents and/or independent contractors who assist them in the performance of their duties, it shall not be necessary that each and every employee, agent and/or independent contractor be orally informed of the terms of this Order.  It shall be sufficient compliance with this provision for one (1) individual associated with any of those persons identified in subparagraphs d through g of the terms of this Order.

5.      No party, individual associated with a party, Outside Counsel or any person agreeing to be bound by this Order shall use Designated Material for any purpose other than litigating this action before the Court.

6.      The designation of discovery material as "CONFIDENTIAL" for purposes of this Order shall be made in the following manner:

a.      with respect to documents or other materials (apart from deposition testimony): by (i) written notice identifying the "CONFIDENTIAL" document, answers to interrogatories, answers to requests for admission or other information or discovery material or (ii) by stamping each page of such material as "CONFIDENTIAL."  The Designated Material, and all copies, excerpts, summaries or other disclosures of the Designated Material, shall be treated in accordance with the terms of this Order;

b.      in the case of depositions, designation of a portion or all of the transcript (including exhibits) that contains "CONFIDENTIAL" information shall be made by a statement to such effect on the record during the course of the deposition.

7.      Designated Material used as exhibits to or incorporated in any other manner in briefs, memoranda, deposition transcripts or other documents filed with the Court shall be protected as follows: To the extent that any brief, memorandum, deposition transcript or other

CC 1729897v4                                           -3-

document submitted to the Court incorporates or refers to the substance of any information contained in any Designated Material, the party submitting such brief, memorandum, deposition transcript or other document or portion thereof shall be obligated to file a motion to file under seal and may only file said Designated Materials after the motion is granted.  The parties can also submit Designated Materials to the Court for *in camera* inspection, if permitted to do so by the Court.

8.      Any party shall have the right to challenge any designation of confidentiality by any Protected Person by making application to the Court that the Designated Material not be treated as "CONFIDENTIAL."  During the pendancy of said dispute, said documents, deposition testimony, answers to interrogatories, answers to requests for admission or other discovery shall be treated as "CONFIDENTIAL" in accordance with the type of designation by the Protected Person and the terms of this Order.

9.      No party to this Order has admitted or conceded (or shall be deemed to have admitted or conceded by agreement to the entry of this Order) that any document or other materials designated as "CONFIDENTIAL" by any other party or non-party are confidential, proprietary or otherwise protectable under appropriate law.  The fact that documents or other materials have been designated as "CONFIDENTIAL" shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documentation or information, at the time of trial or otherwise.

10.      This Order has no effect upon, and shall not apply to: (a) any Protected Person's use of its own Designated Material for any purpose; (b) a party's use of documents developed or obtained independent of discovery in this action for any purpose, even if another copy of the same document has been designated as "CONFIDENTIAL" pursuant to this Order; or (c)

documents or other materials that are in the public domain in a form that is the same or substantially similar to that produced in this litigation.

11.     In the event any additional party joins or is joined in this action, the newly joined party shall be subject to the terms and conditions of this Order, unless and until this Court modifies any of the terms and/or conditions of this Order.

12.     Nothing in this Order shall prevent disclosure of Designated Material with the written consent of counsel for the designating party or Protected Person.

13.     Within sixty (60) days of the final conclusion of this action, including, without limitation, any appeal or retrial, all counsel and every person to whom Designated Material has been disclosed shall either (i) return to Outside Counsel for the Protected Person all such Designated Material, including all copies thereof, with the exception that counsel of record may retain for their files one copy of any papers served or filed in this action, including any such papers that contain or disclose Designated Material; or (ii) destroy all such Designated Material and provide notice to all other parties of such destruction.

14.     The obligations of this Order shall survive the termination of this action and continue to bind the parties.

15.     If any party to this Order materially breaches its terms, the party injured by the breach may recover its reasonable attorneys' fees and costs incurred in the action regarding the breach.

**IT IS SO ORDERED.**

Date:  September27th, 2006                              s/David J.Waxse

-6-

Submitted by:


 /s/  Patrick L. Kenney
Leonard B. Rose          KS #15363
Patrick L. Kenney        KS #19220
Lathrop & Gage L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri  64108
(816) 460-5428  Telephone
(816) 292-2001  Facsimile

ATTORNEYS FOR PLAINTIFF



 /s/  Mark E. McFarland
Richmond M. Enochs       KS #05972
Joel I. Krieger          KS #18497
Mark E. McFarland        KS #14138
Wallace Saunders, *et al.*
10111 W. 37th Street, PO Box 12290
Overland Park, Kansas  66282
(913) 888-1000  Telephone
(913) 888-1065  Facsimile

ATTORNEYS FOR DEFENDANT