# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FIRST STATE BANK,**

    **Plaintiff,**

    **v.**                                             **Case No.  05-2505-JWL**

**DANIEL AND ASSOCIATES, P.C.**
**d/b/a DANIEL, SCHELL, WOLFE**
**AND ASSOCIATES, P.C.,**

    **Defendant.**

_____

## MEMORANDUM AND ORDER

In this lawsuit plaintiff First State Bank alleges that plaintiff Daniel and Associates, P.C. d/b/a Daniel, Schell, Wolfe and Associates, P.C. (Daniel & Associates) engaged in accounting malpractice with respect to financial statements and audit reports that Daniel & Associates prepared for Law Enforcement Equipment Company (LEECO) which allegedly overstated LEECO's assets and which the bank relied on in extending financing to LEECO. This matter is currently before the court on Daniel & Associates' Motion to Dismiss (doc. #10), which the court construes as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Daniel & Associates filed the motion after filing its answer to the bank's complaint. For the reasons explained below, this motion is denied.

A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard that applies to a Rule 12(b)(6) motion. *Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005). Thus, judgment on the pleadings is appropriate only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

Daniel & Associates contends that the court should dismiss the bank's accounting malpractice claim because the bank does not have standing to bring such a claim under Kansas law. In response, the bank contends that it is unclear whether Missouri or Kansas substantive law will apply to the bank's claim and that the bank has properly alleged its negligence claim under both Kansas and Missouri law.

Turning first to the choice-of-law issue, a federal court sitting in diversity must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Thus, the court must look

2

to Kansas law to determine which state's laws should be applied to the bank's accounting malpractice claim. The rule in Kansas is that the law of the state where the tort occurred, *lex loci delicti*, should apply. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731, 735 (1985). Under this rule, the tort is deemed to have occurred where the wrong was felt. *Id.* In cases involving alleged financial harm, as is the case here, the court looks to the state in which the plaintiff felt the financial harm, which is the location of the plaintiff's principal place of business. *See Carolina Indus. Prods., Inc. v. Learjet, Inc.*, 189 F. Supp. 2d 1147, 1163 n.12 (D. Kan. 2001); *ORI, Inc. v. Lanewala*, 147 F. Supp. 2d 1069, 1078 n.9 (D. Kan. 2001); *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1286 n.2 (D. Kan. 1997); *Atchison Casting Corp. v. Dofasco, Inc.*, 889 F. Supp. 1445, 1455-56 (D. Kan. 1995). In this case, the bank's petition alleges that it is a Kansas resident with its principal place of business located in Kansas City, Kansas. Consequently, Kansas law governs the bank's claim.

The circumstances under which a person may bring a cause of action against an accountant or accounting firm for professional negligence in Kansas are set forth by statute. The applicable statute states in pertinent part:

> No person, proprietorship, partnership or registered firm authorized to practice as a certified public accountant . . . shall be liable to any person or entity for civil damages resulting from acts, omissions, decisions or other conduct amounting to negligence in the rendition of professional accounting services unless:
> (a) The plaintiff directly engaged such person, proprietorship or registered firm to perform the professional accounting services; or
> (b) (1) the defendant knew at the time of the engagement or the defendant and the client mutually agreed after the time of the engagement that the professional accounting services rendered the client would be made available to the plaintiff, who was identified in writing to the defendant; and

> (2) the defendant knew that the plaintiff intended to rely upon the professional accounting services rendered the client in connection with specified transactions described in writing.

K.S.A. § 1-402 (2001). It is undisputed that subsection (a) does not apply here; First State Bank did not directly engage Daniel & Associates to perform the accounting services at issue. In order for the bank to maintain its accounting malpractice claim against Daniel & Associates, then, both prongs of subsection (b) must be satisfied. That is, First State Bank must set forth well-pleaded facts, as distinguished from conclusory allegations, from which it could be reasonably inferred that (1) Daniel & Associates knew at the time of the engagement (or that Daniel & Associates and LEECO mutually agreed after the time of the engagement) that the professional accounting services rendered LEECO would be made available to the bank, and that the bank was identified in writing to Daniel & Associates, and (2) Daniel & Associates knew that the bank intended to rely upon the professional accounting services rendered LEECO in connection with specific transactions described in writing.

The bank contends that these requirements are satisfied by virtue of the allegations set forth in paragraphs 5-6, 8-9, 21-22, and 24-26 of its petition. According to those allegations,[1] Daniel & Associates knew all of the following: that Kevin Hatfield was planning to purchase the stock of LEECO in December of 2001; that Mr. Hatfield would not be able to do this without a substantial capital infusion and that LEECO was seeking to

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, correspondingly, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court accepts as true all well pleaded factual allegations in plaintiff's state court petition.

4

obtain financing from First State Bank in order to obtain financing for LEECO's working capital; that the bank was in the class of persons who would rely on those financial statements and audit reports in determining whether to extend financing to LEECO; that the financial statements and audit reports would be used for the purpose of determining the potential value of LEECO, its future working capital requirements, its financial viability, and the advisability of assuming its financial obligations to sustain its operations and the debt assumed in connection with the closing of the stock purchase transaction; and that the bank would rely upon the financial statements and audit reports in making its decisions regarding whether to extend financing to LEECO. Based on these allegations, the court believes that First State Bank's petition adequately alleges that the bank has standing to assert a third-party accounting malpractice claim against Daniel & Associates. The petition alleges that Daniel & Associates knew that the accounting services it rendered LEECO would be made available to the bank and that the bank intended to rely on those services in connection with Mr. Hatfield's stock purchase transaction. To be sure, the petition does not specifically allege that any specific writing(s) to Daniel & Associates identified the bank or the specific transaction at issue. But, notwithstanding the lack of specific allegations satisfying the "in writing" requirements, the court believes that it can reasonably be inferred that Daniel & Associates' knowledge of the bank's interest in obtaining accurate financial statements and audit reports may have been grounded in written documentation. The pleadings do not reflect that it appears beyond a doubt that the bank was not identified in writing to Daniel & Associates or that the specific transaction at issue was not identified in writing.

5

Consequently, the bank's petition adequately states a claim upon which relief may be granted. The question is one which must be resolved at a later date. First State Bank's petition gives Daniel & Associates sufficient notice of the nature of the bank's claims against it, which is all that is required at this procedural juncture.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Daniel & Associates' Motion to Dismiss (doc. #10) is denied.

**IT IS SO ORDERED** this 11th day of October, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge