# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FIRST STATE BANK,**

      **Plaintiff,**

      v.                                                          Case No.  05-2505-JWL

**DANIEL AND ASSOCIATES, P.C.
d/b/a DANIEL, SCHELL, WOLFE
AND ASSOCIATES, P.C.,**

      **Defendant.**

_____

## MEMORANDUM AND ORDER

In this lawsuit plaintiff First State Bank alleges that defendant Daniel and Associates, P.C. d/b/a Daniel, Schell, Wolfe and Associates, P.C. (Daniel & Associates) was negligent in performing accounting and auditing work for non-party Law Enforcement Equipment Company (LEECO).  The bank alleges that it relied on erroneous audit reports and financial statements prepared by Daniel & Associates in connection with extending credit to LEECO.  On March 20, 2007, the court granted Daniel & Associates' motion for summary judgment on the grounds that the bank's claim is barred by the statute of limitations.  *See generally First State Bank v. Daniel & Assoc., P.C.*, 478 F. Supp. 2d 1279 (D. Kan. 2007).  This matter is now before the court on the bank's motion for reconsideration (doc. #75).  For the reasons explained below, this motion is granted in part and denied in part.  Specifically, the court finds that it erred in concluding as a matter of law based on the existing summary judgment

record that the bank suffered legal injury at the time it made the loan, but the court rejects the bank's argument that it necessarily did not suffer legal injury before January of 2005. Consequently, the court will vacate its prior ruling granting Daniel & Associates' motion for summary judgment and permit Daniel & Associates to file a renewed motion for summary judgment on or before **June 27, 2007**, based on the legal standards set forth in this Memorandum and Order.

## LEGAL STANDARD FOR A MOTION TO RECONSIDER

Because the bank filed its motion to reconsider within ten days after the entry of final judgment, the court construes it as a motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion). Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.*

## ANALYSIS

The court will presume familiarity with its prior order granting Daniel & Associates' motion for summary judgment. *See generally First State Bank*, 478 F. Supp. 2d at 1279. In that order, the court stated that the term "substantial injury" in K.S.A. § 60-513(b) means that "the victim must have sufficient ascertainable injury to justify an action for recovery of the damages, regardless of extent." *Moon v. City of Lawrence*, 267 Kan. 720, 728, 982 P.2d 388, 395 (1999). "The true test to determine when an action accrues is that point in time at which the plaintiff could first have filed and prosecuted his [or her] action to a successful conclusion." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 116, 936 P.2d 714, 719 (1997) (quotation omitted). The court held in its prior order that "the bank suffered legal injury sufficient to trigger the running of the statute of limitations at the time it made the loan." *First State Bank*, 478 F. Supp. 2d at 1284 (citing *Corsicana Nat'l Bank v. Johnson*, 251 U.S. 68, 86 (1919); *FDIC v. Jackson*, 133 F.3d 694, 696-97 & n.2 (9th Cir. 1998); *Farmers & Merchants Nat'l Bank v. Bryan*, 902 F.2d 1520, 1522 (10th Cir. 1990); and *Fed. Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 377 (11th Cir. 1987)).

The bank now contends that the court committed clear error by concluding that the bank suffered actionable injury at that time. The bank argues that it could not have brought an accounting malpractice claim against Daniel & Associates until LEECO stopped making payments on its loan in January of 2005. Upon further consideration of the arguments presented in the bank's motion to reconsider, the court believes that it erred in concluding

as a matter of law based on the existing summary judgment record that the bank suffered legal injury sufficient to trigger the running of the statute of limitations at the time it made the loan. In reaching this conclusion, the court relied on cases which seemed apposite because they involved claims based on improper loans. In retrospect, however, they are distinguishable because in those cases the plaintiff banks were not asserting the type of claim asserted in this case, which is a third-party claim for an accountant's alleged negligence. *Corsicana National Bank*, *Jackson*, and *Bryan* all involved various claims brought by banks against the banks' officers and/or directors. *Haralson* is distinguishable for other reasons. *Haralson*, like this case, involved a claim by a bank against an accountant arising out of misrepresentations in a financial statement. That case involved the application of Alabama law under which, much like Kansas law, the cause of action accrues for statute of limitations purposes "as soon as the party in whose favor it arises is entitled to maintain an action." 813 F.2d at 377. The Eleventh Circuit stated that the bank "suffered a legal injury by virtue of the misrepresentation in the financial statement when it was induced to make a loan . . . on the basis of that financial statement." *Id.* This court discounts the persuasive value of this statement primarily because the Eleventh Circuit did not provide any meaningful legal analysis of how it reached that conclusion. The court may not have devoted much attention to the issue because, as the bank suggests, the fact of legal injury was obvious because the misrepresentation claim at issue in *Haralson* was a fraud claim and, under Alabama law, nominal damages are sufficient to maintain such a claim. *First Bank v. Fielder*, 590 So. 2d 893, 898 (Ala. 1991), *overruled on other grounds*, *Life Ins. Co. v. Green*, 719 So. 2d 797

4

(Ala. 1998). Additionally and/or perhaps alternatively, the court's statement that the bank suffered legal injury when it made the loan can arguably be regarded as dicta because the court held that there was a genuine issue of material fact concerning discovery of the fraud. *Haralson*, 813 F.2d at 377-78. Thus, the *Haralson* court's statement concerning when the bank suffered legal injury was not necessary to the court's holding in any event. In sum, the cases the court originally relied on did not address the specific issue of what constitutes legally cognizable "injury" sufficient to maintain the type of claim at issue in this case. Because the court now believes those cases are distinguishable, the court vacates its prior ruling insofar as it held as a matter of law that "the bank suffered legal injury sufficient to trigger the running of the statute of limitations at the time it made the loan." *First State Bank*, 478 F. Supp. 2d at 1284.

Because the court believes that it is in the interests of justice to revisit further the statute of limitations issue, it will permit Daniel & Associates to file a renewed motion for summary judgment. In that connection, the court once again returns to the issue of what it deems the appropriate legal standard for determining when the bank suffered injury sufficient to justify an action for recovery of damages under Kansas law. In resolving this issue, absent controlling precedent this court must attempt to predict how the Kansas Supreme Court would decide this matter. *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005) (federal court sitting in diversity must apply state law as announced by the highest state court). The court must "follow any intermediate state court decision unless other authority convinces [it] that the state supreme court would decide otherwise." *Save*

5

*Palisade FruitLands v. Todd*, 279 F.3d 1204, 1207 n.1 (10th Cir. 2002). The court should consider analogous decisions by the state supreme court, decisions of lower courts in the state, decisions of federal and other state courts, and the general weight and trend of authority. *Progressive Cas. Ins. Co. v. Engemann*, 268 F.3d 985, 987-88 (10th Cir. 2001). Dicta from the state supreme court represents the court's own comment on the development of state law and "is an appropriate source from which this prediction may be made." *Carl v. City of Overland Park*, 65 F.3d 866, 872 (10th Cir. 1995).

The Kansas Supreme Court addressed the issue of the accrual of the statute of limitations on a third-party claim for an accountant's alleged negligence in the case of *Brueck v. Krings*, 230 Kan. 466, 638 P.2d 904 (1982). In *Brueck*, the depositors of a failed savings and loan association brought suit against an accounting firm and others. The plaintiffs contended that the fact of injury was not reasonably ascertainable until the association closed its doors on August 1, 1997. *Id.* at 470, 638 P.2d at 908. The Kansas Supreme Court disagreed, relying on the fact that the association had shown numerous indicia of faltering or having financial difficulty more than two years prior to when the plaintiffs commenced their lawsuit against the accounting firm. *Id.* The court explained that "[t]he critical information to trigger the running of the statute of limitations is knowledge of the fact of injury, not the extent of injury." *Id.* at 470-71, 638 P.2d at 908. The court affirmed the trial court's ruling that the statute of limitations had run because "the fact of injury was reasonably ascertainable more than two years before the action . . . was commenced." *Id.* at 471, 638 P.2d at 908. The court pointed out that prior to that time the fact that depositors had

withdrawn over $5.5 million from the association within a six-month time period had been disclosed in published financial statements, considerable press had been given to the fact that the association showed signs of faltering or having financial difficulty, and the association had been placed under the jurisdiction of a trustee. *Id.* at 470, 638 P.2d at 908.

In Daniel & Associates' memorandum in support of its motion for summary judgment, it argued that *Brueck* announces a rule of law that the fact of injury is reasonably ascertainable when a debtor begins to show signs of faltering or financial difficulty. This court does not understand the Supreme Court's holding in *Brueck*, however, to announce a per se rule that the statute of limitations accrues on a third-party accounting malpractice claim every time a debtor begins to show signs of faltering or financial difficulty. Certainly, the fact that the depositors in *Brueck* suffered actionable injury sufficient to maintain a claim against the accountants at some point prior to the date when the association closed its doors is implicit in the court's reasoning in *Brueck*, but the court did not address, much less decide, the specific issue of when the plaintiffs suffered legally cognizable injury sufficient to maintain such an action. At the same time, however, the *Brueck* court clearly rejected the plaintiffs' argument that actionable injury did not occur until the depositors (i.e., creditors) absolutely could not recover their monies (i.e., the date the association closed its doors). Thus, the court does not believe that *Brueck* supports the bank's argument that a creditor necessarily does not suffer actionable injury on an accounting malpractice claim until the debtor stops making payments. Instead, the court believes that *Brueck* stands for the fairly unremarkable proposition that under the facts and circumstances of that case, more than two

years prior to the commencement of the action the plaintiff depositors should have been aware of the fact that they had suffered actionable injury and, additionally, they were charged with knowledge of that fact based on publicly available information. Thus, *Brueck* does not answer the pivotal issue presented here, which is the legal standard for determining when a plaintiff suffers legally cognizable injury sufficient to maintain such an action.

In order to answer this question, the court must examine the measure of damages available on the bank's claim against Daniel & Associates. This inquiry depends on the nature of the claim itself. The pretrial order states that the bank's claim is a negligence claim. *See* Pretrial Order (doc. #67), ¶ 6(a), at 6. More precisely, dicta from the Kansas Supreme Court and the weight and trend of authority from other jurisdictions leads the court to believe that the claim is most aptly characterized as one for negligent misrepresentation as set forth in the Restatement (Second) of Torts § 552 (1977). This provision of the Restatement provides as follows:

> § 552. Information Negligently Supplied for the Guidance of Others
> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
> > (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> > (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

8

> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

The Kansas Supreme Court first adopted the standards of the Restatement § 552 for a negligent misrepresentation claim in *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604-05, 876 P.2d 609, 616 (1994) (negligent misrepresentation claim against a real estate broker). The court once again applied these standards in *Gerhardt v. Harris*, 261 Kan. 1007, 934 P.2d 976 (1997) (negligent misrepresentation claim against an attorney relating to a fee dispute). During the court's discussion, it noted that "the comments to § 552 show that negligent misrepresentation applies to suppliers of commercial information in favor of users of such information in their commercial transactions" and that the "comments include such examples as *negligent audits furnished to relying parties in a financial transaction*." *Id.* at 1018, 934 P.2d at 984 (emphasis added). Indeed, "the overwhelming majority of courts have adopted the Restatement (Second) of Torts § 552 as the standard for accountant liability." Jay M. Feinman, *Liability of Accountants for Negligent Auditing: Doctrine, Policy, and Ideology*, 31 Fla. St. U. L. Rev. 17, 42 & n.165 (2003) (collecting cases); *see, e.g.*, *Bily v. Arthur Young & Co.*, 834 P.2d 745, 773 (in bank) (Cal. 1992) (adopting the approach of the Restatement § 552 for a negligent misrepresentation claim brought by investors against the auditor of a corporation's books); *First Fla. Bank, N.A. v. Max Mitchell & Co.*, 558 So. 2d 9, 15 (Fla. 1990) (concluding that this is the "soundest approach to accountants' liability for negligent misrepresentation" in a case brought by a bank against an accountant who provided financial

9

statements the bank relied upon in issuing a loan to a client of the accountant); *First Nat'l Bank v. Crawford*, 386 S.E.2d 310, 313 (W. Va. 1989) (adopting the approach of the Restatement § 552 for a negligent misrepresentation claim brought by a bank against an accountant based on a financial statement prepared by the accountant for a construction company upon which the bank relied in issuing a loan to the construction company).

Having determined that the Restatement § 552 sets forth the parameters of the bank's claim against Daniel & Associates, then, the court continues to look to the Restatement for the measure of damages recoverable on that claim. That standard is set forth in the Restatement § 552B, which provides as follows:

> § 552B. Damages for Negligent Misrepresentation
> (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
> (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
> . . . .

*See, e.g.*, *Battenfeld of Am. Holding Co. v. Baird, Kurtz & Dobson*, 60 F. Supp. 2d 1189, 1202 (D. Kan. 1999) (applying § 552B as the measure of damages on a negligent misrepresentation claim against an accountant). The comments further explain that this rule of out-of-pocket loss is the same as the one stated for fraudulent misrepresentations in Subsection (1) of § 549, and therefore comments (a) through (f) to § 549 are applicable insofar as they are pertinent. § 552B cmt. a. Accordingly, the bank suffered "substantial

injury" within the meaning of K.S.A. § 60-513(b) when it suffered damages that would be recoverable under the principles set forth in the Restatement § 552B.[1]

Based on this legal standard, the court can envision that Daniel & Associates' statute of limitations defense may be capable of resolution at the summary judgment stage. If so, resolution of this issue may entirely obviate the need for a trial in this case. Accordingly, the court will allow Daniel & Associates to renew its motion for summary judgment on or before **June 27, 2007**, based on the legal standards set forth in this Memorandum and Order.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Reconsideration (doc. #75) is granted in part and denied in part as set forth above. The judgment is vacated and the clerk is directed to reopen this case.

---

[1] In the parties' original memoranda in support of and in opposition to Daniel & Associates' motion for summary judgment, neither party addressed the issue of when the bank suffered damages that would be recoverable under the principles set forth in the Restatement § 552B. Daniel & Associates sought summary judgment on the grounds that the bank knew about the alleged accounting errors at least as early as 2002 and that the injury was "reasonably ascertainable" when LEECO began to show signs of faltering of financial difficulty, citing *Brueck*, 230 Kan. at 466, 638 P.2d at 904. Daniel & Associates did not discuss the issue of when the bank suffered "substantial injury." Also, as explained previously, in *Brueck* the Kansas Supreme Court did not address the specific issue of when the plaintiff depositors in that case suffered "substantial injury." Because Daniel & Associates' motion for summary judgment did not include any analysis of this threshold legal issue, then, Daniel & Associates did not meet its initial summary judgment burden of demonstrating the absence of a genuine issue of material fact on this issue. *See Johnson v. Riddle*, 443 F.3d 723, 724 n.1 (10th Cir. 2006) (defendant seeking summary judgment based on an affirmative defense bears the initial burden of demonstrating that no disputed material fact exists regarding the affirmative defense asserted).

**IT IS FURTHER ORDERED** that Daniel & Associates may file a renewed motion for summary judgment on or before **June 27, 2007**, based on the legal standards set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that in the event Daniel & Associates elects not to file a renewed motion for summary judgment, counsel for the parties shall contact the court on or before **June 27, 2007**, to set a date for the trial of this case. If Daniel & Associates elects to file a renewed motion for summary judgment, the court will re-set this case on the trial calendar if and when it denies that motion.

**IT IS SO ORDERED** this 7th day of June, 2007.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge