# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FIRST STATE BANK,**

        **Plaintiff,**

        **v.**                                  **Case No.  05-2505-JWL**

**DANIEL AND ASSOCIATES, P.C.**
**d/b/a DANIEL, SCHELL, WOLFE**
**AND ASSOCIATES, P.C.,**

        **Defendant.**
_____

## MEMORANDUM AND ORDER

In this lawsuit plaintiff First State Bank alleges that defendant Daniel and Associates, P.C. d/b/a Daniel, Schell, Wolfe and Associates, P.C. (Daniel & Associates) was negligent in performing accounting and auditing work for non-party Law Enforcement Equipment Company (LEECO).  The bank alleges that it relied on erroneous audit reports and financial statements prepared by Daniel & Associates in connection with extending credit to LEECO. This matter is now before the court on Defendant's Second Motion for Summary Judgment and related request for oral argument (docs. #82 & #86).  For the reasons explained below, the court will deny Daniel & Associates' motion and set this case number one for trial on the court's **January 8, 2008** trial calendar.  The court will deny the request for oral argument because Daniel & Associates has had ample opportunities to present its best case by way of

written submissions and the court does not believe that further argument would materially

assist the court in its determination of this matter.

## STATEMENT OF MATERIAL FACTS[1]

The background of the parties' current dispute is set forth in two prior orders by this

court.  Initially, the court granted Daniel & Associates' original motion for summary

judgment based on the statute of limitations.  *See generally First State Bank v. Daniel &*

*Associates, P.C.*, 478 F. Supp. 2d 1279 (D. Kan. 2007).  The court subsequently granted in

part and denied in part the bank's motion for reconsideration, vacating the prior judgment

and granting Daniel & Associates leave to file a renewed motion for summary judgment

based on the legal standards set forth by the court in that order.  *See First State Bank v.*

*Daniel & Associates, P.C.*, 491 F. Supp. 2d 1033 (D. Kan. 2007).  Daniel & Associates has

now filed a second motion for summary judgment.  This motion is based on a statement of

uncontroverted facts that is identical in all material respects to Daniel & Associates' original

motion.  In the interests of brevity, then, the court will presume familiarity with the Statement

of Material Facts set forth in the order in which the court originally granted Daniel &

Associates' motion for summary judgment.  *See First State Bank*, 478 F. Supp. 2d at 1280-

82.

---

[1] Consistent with the well established standard for evaluating a motion for summary judgment, the following facts are either uncontroverted or stated in the light most favorable to First State Bank, the nonmoving party.

Based on that factual record, Daniel & Associates seeks summary judgment on two grounds. First, Daniel & Associates argues that the bank lacks standing to bring a third party accounting malpractice claim based upon the services that Daniel & Associates provided to LEECO. Second, Daniel & Associates argues that the bank's claim is barred by the applicable statute of limitations because the bank first suffered "substantial injury" when it loaned monies to LEECO.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spaulding*, 279 F.3d

at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324.  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."  *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

4

## ANALYSIS

For the reasons explained below, the court will deny Daniel & Associates' motion for summary judgment. First, Daniel & Associates' argument that the bank lacks standing to bring a third party accounting malpractice claim is without merit because the court predicts that the Kansas Supreme Court would apply the principles of the Restatement § 552 to such a claim, and therefore the court rejects Daniel & Associates' argument based on other legal standards. Second, Daniel & Associates is not entitled to summary judgment based on the applicable statute of limitations because it has not presented a factual record which establishes that the bank suffered legally cognizable damages more than two years prior to the commencement of this action.

## I.   Standing

In Daniel & Associates' initial motion for summary judgment, it argued that it was entitled to summary judgment on the grounds that the bank lacked standing to bring this third party accounting malpractice claim because of the liability restrictions for accountants set forth in K.S.A. § 1-402. In the court's prior order, the court rejected this argument and noted that Daniel & Associates is not entitled to the benefit of the liability restrictions in this statute because it is not and has never been registered with the Kansas Board of Accountancy. *First State Bank*, 478 F. Supp. 2d at 1282 n.2. The court noted that, consequently, the common law rules of liability apply to the bank's claim against Daniel & Associates. *Id.* In Daniel & Associates' second motion for summary judgment, it now argues that there are two different views of the common law in Kansas regarding an accountant's liability to a third

5

party.  According to Daniel & Associates, one view is that K.S.A. § 1-402 "simply codifies the common law governing an accountant's liability for professional negligence," *Gillespie v. Seymour*, 14 Kan. App. 2d 563, 575, 796 P.2d 1060, 1068-69 (1990), and therefore the principles set forth in § 1-402 apply to the bank's claim as a matter of common law even though the statute technically does not apply.   Alternatively, according to Daniel & Associates, the other view is that a third party may not recover from an accounting firm on a negligence theory in the absence of privity of contract.  In support of this argument, Daniel & Associates relies on a ruling by another judge of this court as noted in *Koch Indus. v. Vosko*, 1972 WL 364, at *54 (D. Kan. Nov. 22, 1972), *aff'd in relevant part*, 494 F.2d 713, 724-25 (10th Cir. 1974).

In resolving this issue, it is well settled that this court must attempt to ascertain and apply state law, *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007), which in this case is the law of Kansas.  The court must look to rulings of the state's highest court and, where no controlling state decision exists, the court must endeavor to predict how the state's highest court would rule.  *Id.*  The court should consider analogous decisions by the state supreme court, decisions of lower courts in the state, decisions of federal and other state courts, and the general weight and trend of authority.  *MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1262 (10th Cir. 2006).  Additionally, dicta from the state supreme court represents the court's own comment on the development of state law and "is an appropriate source from which this prediction may be made."  *Carl v. City of Overland Park*, 65 F.3d 866, 872 (10th Cir. 1995).  Ultimately, of course, the court's task is to predict

what decision the Kansas Supreme Court would make if faced with the same facts and issue. *Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

For the reasons explained in the court's prior order granting the bank's motion for reconsideration, analogous decisions by the Kansas Supreme Court, dicta from the Kansas Supreme Court, and the weight and trend of authority from other jurisdictions leads the court to believe that the Kansas Supreme Court would apply the principles of the Restatement (Second) of Torts § 552 (1977) to determine whether a third party may bring a claim against an accountant for negligence. *See First State Bank*, 491 F. Supp. 2d at 1036-38. Daniel & Associates' arguments to the contrary are without merit.

Daniel & Associates' first argument is that the principles set forth in § 1-402 apply to the bank's claim as a matter of common law even though the statute technically does not apply. This argument is grounded in the Kansas Court of Appeals' comment in *Gillespie v. Seymour* that K.S.A. § 1-402 "simply codifies the common law governing an accountant's liability for professional negligence." 14 Kan. App. 2d at 575, 796 P.2d at 1068-69. Understood in its proper context, however, the Kansas Court of Appeals made this statement in determining that K.S.A. § 1-402 is not unconstitutional because it provides an adequate substitute remedy for the common law action of professional liability against an accountant. *Id.* More importantly, the Kansas Court of Appeals made this statement in 1990 and since then the Kansas Supreme Court adopted the standards of the Restatement § 552 for a negligent misrepresentation claim in *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604-05, 876 P.2d 609, 616 (1994) (negligent misrepresentation claim against a real estate broker).

7

Continuing its adherence to the approach of the Restatement § 552 in *Gerhardt v. Harris*, 261 Kan. 1007, 934 P.2d 976 (1997), the Kansas Supreme Court even remarked that the comments to § 552 "include such examples as *negligent audits furnished to relying parties in a financial transaction*." *Id.* at 1018, 934 P.2d at 984 (emphasis added). Thus, even to the extent that the Kansas Court of Appeals' comment in *Gillespie* may have at one time been a useful predictor of Kansas state law on this issue, it is obsolete in light of subsequent analogous case law and dicta by the Kansas Supreme Court.

Alternatively, Daniel & Associates relies on a ruling by another judge of this court in the *Koch Industries v. Vosko* case. Specifically, Daniel & Associates cites a slip opinion in that case dated December 10, 1971, in which the Honorable Wesley Brown, U.S. District Judge, predicted that Kansas Courts would adopt the approach for accountant liability to third parties requiring privity of contract announced by Chief Justice Cardozo in *Ultramares Corp. v. Touche*, 174 N.E. 441, 255 N.Y. 170 (1931). Daniel & Associates' reliance on Judge Brown's ruling in *Koch Industries* in 1971 is even further afield than its reliance on the Kansas Court of Appeals' statement in *Gillespie* in 1990. Like *Gillespie*, *Koch Industries* pre-dates the subsequent pronouncements by the Kansas Supreme Court discussed previously and, consequently, it is obsolete for the same reasons as explained above with respect to *Gillespie*. Additionally, the *Koch Industries* opinion comes from an era in which the law regarding auditor liability to third parties was generally more restricted than it is now. In the nearly thirty-six years since Judge Brown's opinion in *Koch Industries*, the Restatement (Second) of Torts § 552 was adopted in 1977, extending liability to professionals who

8

negligently supply information to known or intended recipients of the information. Since then, courts have largely abandoned the privity rule announced in *Ultramares*. *See generally* Jay M. Feinman, *Liability of Accountants for Negligent Auditing: Doctrine, Policy, and Idealogy*, 31 Fla. St. U. L. Rev. 17 (2003) (discussing the development of the law on this issue). Thus, the Kansas Supreme Court's adoption of the approach of the Restatement § 552 in the 1990s is consistent with the general weight and trend of authority abandoning the older approach requiring strict privity of contract. Accordingly, because the court rejects the legal theories advanced by Daniel & Associates and predicts that the Kansas Supreme Court would apply the principles announced in the Restatement § 552, Daniel & Associates is not entitled to summary judgment on this basis.

## II.    Statute of Limitations

Daniel & Associates also seeks summary judgment once again based on the statute of limitations. This time, Daniel & Associates contends that the bank should be deemed to have suffered substantial (i.e., actionable) injury sufficient to trigger the running of the statute of limitations when it was deprived of the use of its money by virtue of extending credit to LEECO on December 14, 2001. Significantly, the only evidence Daniel & Associates has submitted in support of this argument is the fact that the bank extended a revolving line of credit to LEECO on December 14, 2001. Daniel & Associates relies on the bank's allegations in this case that it would not have extended financing to LEECO but for the allegedly false and misleading audit reports and financial statements prepared by Daniel & Associates.

Daniel & Associates' memorandum in support of this aspect of its motion for summary judgment relies almost entirely on an annotation by Michael J. Weber, *Application of Statute of Limitations to Actions for Breach of Duty in Performing Services of Public Accountant*, 7 A.L.R. 5th 852 (1992), and the cases cited therein.  The court, however, has already discussed and decided the issue of the applicable legal standard.  Specifically, the court has ruled as a matter of law that the bank suffered "substantial injury" within the meaning of K.S.A. § 60-513(b) so as to trigger the running of the statute of limitations when it suffered damages that would be recoverable under the principles set forth in the Restatement § 552B.  *See First State Bank*, 491 F. Supp. 2d at 1038-39.  The court further explained that comments (a) through (f) to § 549 of the Restatement are applicable insofar as they are pertinent.  *Id.* at 1039.  When the court granted Daniel & Associates leave to file a renewed motion for summary judgment, it did not do so as an invitation for further briefing urging the court to apply a different legal standard.  Before the court announced the governing legal standard, it had already thoroughly (albeit implicitly and not expressly) considered the annotation cited by Daniel & Associates, as well as the various cases cited therein, and the court had concluded that the authority cited therein was unpersuasive for a variety of reasons.  Most obviously, for example, virtually all of the cases are based on other states' statutes of limitation or involve facts and circumstances that are not sufficiently analogous to the "actionable injury" requirement at issue here under Kansas law.  Any of the cases which are even marginally relevant are so poorly and/or conclusorily reasoned that they

10

are unpersuasive and, consequently, unhelpful in resolving the current issue as a matter of law.

The critical point is that when the court allowed Daniel & Associates to file a renewed motion for summary judgment, it did so to allow Daniel & Associates the opportunity to provide a factual record establishing that the bank suffered legally cognizable damages and, of course, the court anticipated that Daniel & Associates would then explain to the court how it believed that those facts correlated with the standard for damages provided by the Restatement § 552B and related comments. Despite this opportunity, Daniel & Associates did not provide a factual record that meets its burden of demonstrating that the bank necessarily suffered legally cognizable injury at the time it extended credit to LEECO. "The statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant." *Slayden v. Sixta*, 250 Kan. 23, 26, 825 P.2d 119, 122 (1992). Summary judgment is proper based on the statute of limitations only where there is no dispute or genuine issue as to the time when the statute commenced to run. *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, 311, 820 P.2d 390, 394 (1991); *see City of Wichita v. U.S. Gypsum Co.*, 72 F.3d 1491, 1498 (10th Cir. 1996). Here, Daniel & Associates simply has not submitted facts establishing the nature and/or quantity of damages the bank would have been entitled to recover from Daniel & Associates if the bank had filed suit before LEECO stopped making payments on the loan in 2005. Because Daniel & Associates bears the burden of proof on this issue and because the bank contends that it is only claiming losses arising from Daniel & Associates' non-payment on the loan, the applicable legal standard

places Daniel & Associates in the incongruous position of proving that the bank suffered legally cognizable damages prior to that time.  The mere fact that the bank extended credit to LEECO (i.e., "parted with its money") with the belief that LEECO would repay the money as agreed is not, in and of itself, sufficient to satisfy that burden of proof.  To be sure, the court can imagine a set of facts where it could be established that a lender suffered legally cognizable damages by extending credit based on erroneous financial statements and audit reports.  But, to make such a finding based on the summary judgment record presented here would require the court to assume facts which are not established in the summary judgment record.  Because Daniel & Associates has not met its burden of establishing that the bank necessarily suffered damages at the time it extended credit to LEECO, then, its motion for summary judgment is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Second Motion for Summary Judgment (doc. #82) is denied.

**IT IS FURTHER ORDERED** that the Request for Oral Argument on Defendant's Second Motion for Summary Judgment (doc. #86) is denied.

**IT IS FURTHER ORDERED** that this case is set number one for trial on the court's **January 8, 2008** trial calendar.

12

**IT IS SO ORDERED** this 18th day of October, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

13