IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FIRST STATE BANK,

  Plaintiff,

  v.            Case No.  05-2505-JWL

DANIEL AND ASSOCIATES, P.C.
d/b/a DANIEL, SCHELL, WOLFE
AND ASSOCIATES, P.C.,

  Defendant.
_____

**MEMORANDUM AND ORDER**

In this lawsuit plaintiff First State Bank alleges that defendant Daniel and Associates, P.C. d/b/a Daniel, Schell, Wolfe and Associates, P.C. (Daniel & Associates) was negligent in performing accounting and auditing work for non-party Law Enforcement Equipment Company (LEECO).  The court has denied Daniel & Associates' motion for summary judgment and this case is set for trial in approximately one month.  This matter is now before the court on Daniel & Associates' Motion for Certification of Question of Law (doc. #89). For the reasons explained below, this motion is summarily denied.

This court previously rejected Daniel & Associates' argument that the bank lacked standing to bring this third party accounting malpractice claim because of the liability restrictions set forth in K.S.A. § 1-402.  *See First State Bank v. Daniel & Assocs., P.C.*, 478 F. Supp. 2d 1279, 1282 n.2 (D. Kan. 2007).  The court explained that Daniel & Associates

is not entitled to the benefit of the liability restrictions in this statute because it is not and has never been registered with the Kansas Board of Accountancy, and therefore the common law rules of liability apply to the bank's claim against Daniel & Associates. *See id.* The court thoroughly discussed in two prior orders the common law of Kansas governing the scope of an accountant's liability under these circumstances and determined that the Kansas Supreme Court would apply the principles of the Restatement (Second) of Torts § 552 (1977). *See First State Bank v. Daniel & Assocs., P.C.*, — F. Supp. 2d —, 2007 WL 3045189, at *2-*3 (D. Kan. Oct. 18, 2007) (publication forthcoming); *First State Bank v. Daniel & Assocs., P.C.*, 491 F. Supp. 2d 1033, 1037-38 (D. Kan. 2007). In so holding, the court expressly found Daniel & Associates' arguments to the contrary to be without merit. *First State Bank*, 2007 WL 3045189, at *3. Daniel & Associates now moves the court to certify the following question of law to the Kansas Supreme Court: "What is the common law in Kansas regarding the liability of an accountant and/or accounting firm not authorized to practice as a certified public accountant pursuant to article 3 of chapter 1 of the Kansas Statutes Annotated in the rendition of professional accounting services to a third party?"

Pursuant to the Uniform Certification of Questions of Law Act, the Kansas Supreme Court

> may answer questions of law certified to it by . . . a United States district court . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

2

K.S.A. § 60-3201. The court must consider whether certification will "conserve the time, energy, and resources of the parties as well as of the court itself." *Boyd Rosene & Assocs. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999). Whether these values are served by certification rests within the sound discretion of this court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *Hartford Ins. Co. v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005). Although certification may be particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled, certification is never compelled. *Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 900 n.1 (10th Cir. 2005).

In this case, the court will exercise its discretion and decline to certify the issue presented because it would do nothing to conserve the parties' and/or the court's time, energy, and resources. The parties and the court have already devoted attention to this matter previously and Daniel & Associates has had the opportunity to present argument on this issue on three prior occasions—in its first motion for summary judgment, in response to the bank's motion for reconsideration, and in its second motion for summary judgment. At no time previously did Daniel & Associates ask the court to certify this issue to the Kansas Supreme Court. Instead, Daniel & Associates waited to seek certification until after the court denied its motion for summary judgment on this legal issue. It is well settled that motions for certification following a district court's adverse ruling are disfavored in this circuit. *See In re Midpoint Dev., L.L.C.*, 466 F.3d 1201, 1207 (10th Cir. 2006) (noting the court "generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court" (quotation

omitted)); *Boyd Rosene & Assoc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999) ("Late requests for certification are rarely granted . . . and are generally disapproved, particularly when the district court has already ruled."). At this late date, certification would only serve to delay the prompt and efficient resolution of this case, particularly in light of the fact that this case is set for trial in approximately one month.

Additionally, the court notes that it is routinely confronted with the task of predicting how the Kansas Supreme Court would decide particular issues. Although the Kansas Supreme Court has not decided the particular question presented in the context of an accountant's professional liability to third parties, the cases of *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604-05, 876 P.2d 609, 616 (1994), and *Gerhardt v. Harris*, 261 Kan. 1007, 1018, 934 P.2d 976, 984 (1997), provide substantial guidance on this issue. Consequently, the issue is not so novel that it involves an unsettled question about the applicable state law. In fact, in light of the Kansas Supreme Court's decisions in *Mahler* and *Gerhardt*, it was not at all unusually difficult for the court to attempt to predict how that court would decide the issue. Accordingly, the court cannot find that certification would conserve the time, energy, and resources of the parties or the court.

**IT IS THEREFORE ORDERED BY THE COURT** that Daniel & Associates' Motion for Certification of Question of Law (doc. #89) is summarily denied.

**IT IS SO ORDERED** this 6th day of December, 2007.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge